

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Darren J. Kairis**,
Plaintiff,

v.

**Village of Schaumburg**,
**Officer Treacy (Badge #3895)**,

Defendants.

**RECEIVED**
4/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

25-cv-04450
Judge Sara L. Ellis
Magistrate Judge Maria Valdez
Random / Cat 2

Case No.: _____
Jury Trial Demanded

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**INTRODUCTION**

1. Plaintiff Darren J. Kairis brings this civil action under 42 U.S.C. §1983, 42 U.S.C. §1985(3), Title II of the Americans with Disabilities Act (ADA), and the Fair Housing Act (FHA), for violations of his constitutional and statutory rights.
2. Plaintiff, a disabled individual and long-term caregiver, was subjected to unlawful police misconduct and discrimination on April 18th, 2025, during a domestic call involving his elderly parents. These actions were captured in full on body-worn cameras by the responding officers.
3. This suit arises from the deliberate actions of Officer Treacy who collaborated to engineer Plaintiff's removal from his home by manipulating cognitively impaired individuals and ignoring federally protected disability rights.

JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights violations).
5. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b) because all events occurred within the district.

PARTIES

6. Plaintiff Darren J. Kairis resides in Schaumburg, Illinois, and is a full-time caregiver with a documented disability.
7. Defendant Village of Schaumburg is a municipal corporation responsible for the Schaumburg Police Department and its personnel.
8. Defendant Officer Treacy, badge #3895, was at all times acting under color of state law.
9. "Linda" is a social worker employed by the township of Schaumburg or an affiliated agency, acting under color of law.

FACTUAL ALLEGATIONS

10. On April 18th, 2025, Officer Treacy and Social Worker "Linda" responded to a welfare check involving Plaintiff and his elderly parents.
11. Plaintiff's parents, ages 90 and 82, were experiencing emotional distress and displayed signs of cognitive decline consistent with dementia.
12. Plaintiff, who has lived at the residence for over 50 years, serves as their full-time, unpaid caregiver.
13. Despite his calm demeanor, Plaintiff was mocked, dismissed, and verbally abused by Officer Treacy, who referred to Plaintiff as "the loser" and stated he needed to "put on his big boy pants."
14. Plaintiff repeatedly requested accommodations and cited his disability, but was denied any recognition or support, violating the ADA and federal guidelines for interacting with disabled individuals.
15. Officer Treacy was recorded coaching Plaintiff's mother, who appeared visibly confused, on what to say to a judge in order to initiate an eviction against Plaintiff. See *Hope v. Pelzer*, 536 U.S. 730 (2002) (intentional infliction of pain without penological justification violates constitutional rights).
16. Social Worker Linda issued threats of elder abuse charges without conducting any evaluation or investigation, acting beyond her scope and in violation of professional standards.
17. Defendants failed to perform impartial assessments, disregarded Plaintiff's rights, and acted in concert to remove him from his home based on biased assumptions and hearsay.
18. Defendants' actions reflect deliberate indifference and constitute a pattern of discriminatory and retaliatory behavior toward a protected individual.

CLAIMS FOR RELIEF

Count I – 42 U.S.C. §1983 (Violation of Due Process and Equal Protection Rights)

19. Plaintiff incorporates the above allegations.
20. Defendants, acting under color of law, deprived Plaintiff of liberty and property interests without due process, in violation of the Fourteenth Amendment. See *Goldberg v. Kelly*, 397 U.S. 254 (1970) (procedural due process required before deprivation of welfare benefits).
21. Defendant's actions showed intentional discrimination based on Plaintiff's disability and caregiver role.

Count II – Title II of the Americans with Disabilities Act (42 U.S.C. §12132)

22. Plaintiff is a qualified individual with a disability.
23. Defendant Village of Schaumburg failed to provide reasonable accommodations, denied Plaintiff equal access to public services, and permitted discrimination based on disability. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

Count III – Fair Housing Act (42 U.S.C. §3601 et seq.)

24. Defendants interfered with Plaintiff's lawful residence, denied equal housing rights based on disability and caregiver status, and promoted an eviction under false pretenses. See *United States v. Koch*, 352 F. Supp. 2d 970 (D. Neb. 2004).

Count IV – 42 U.S.C. §1985(3) (Conspiracy to Deprive Civil Rights)

25. Defendants conspired to remove Plaintiff from his home through manipulation, witness coaching, and administrative coercion.
26. Their conduct reflects coordinated state action and violates Plaintiff's constitutional protections. See *Griffin v. Breckenridge*, 403 U.S. 88 (1971).

## DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

A. Compensatory damages of $1,000,000 for emotional distress, reputational harm, and violation of rights;

B. Punitive damages of $3,500,000 for intentional misconduct;

C. Injunctive relief requiring policy reforms, ADA retraining, and preservation of all body cam footage;

D. Costs and attorneys' fees under 42 U.S.C. §1988;

E. Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,
**Darren J. Kairis**
913 S. Springinsguth Rd.
Schaumburg, IL 60193
630-217-4862
djkairis@yahoo.com